**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUL 17 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA D. GONZALEZ DIAZ, | No. 13-70627 |
| Petitioner, | Agency No. A079-373-626 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2017[**]

Before:     CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Maria D. Gonzalez Diaz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her motion to suppress evidence and terminate removal proceedings, and ordering her removed. We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review de novo the denial of a motion to suppress and claims of constitutional violations. *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011). We deny the petition for review.

The agency did not err in denying Gonzalez Diaz's motion to suppress evidence and terminate removal proceedings, or in sustaining the removability charge, because *Samayoa-Martinez v. Holder* forecloses her contention that her statements to immigration officials at the border were obtained in violation of 8 C.F.R. § 287.3(c). 558 F.3d 897, 901-02 (9th Cir. 2009). Gonzalez Diaz urges us to reconsider our holding in *Samayoa-Martinez*, but a three-judge panel cannot overrule circuit precedent in the absence of an intervening decision from a higher court or en banc decision of this court. *See Avagyan v. Holder,* 646 F.3d 672, 677 (9th Cir. 2011).

The agency also did not err or violate due process by admitting the government's evidence, where the documents submitted were probative, their admission was fundamentally fair, and Gonzalez Diaz failed to establish that they were inaccurate or obtained by coercion. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) (("The burden of establishing a basis for exclusion of evidence from a government record falls on the opponent of the evidence, who must come forward with enough negative factors to persuade the court not to admit it." )

(internal citations omitted)); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

Because the border officials did not violate 8 C.F.R. § 287.3(c) when they obtained information from Gonzalez Diaz before notifying her of her procedural rights under immigration law, we need not reach her contention that this lack of notice made her statements to the border patrol involuntary. *See Samayoa-Martinez* at 902.

**PETITION FOR REVIEW DENIED.**